WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Robert Allen Palmer,

Plaintiff,

v.

Carolyn W. Colvin, Acting Commissioner
of Social Security Administration,

Defendant.

No. CV-13-00322-PHX-GMS

**ORDER**

Pending before this Court is the appeal of Plaintiff Robert Allen Palmer, which challenges the Social Security Administration's decision to deny benefits. (Doc. 16.) For the reasons set forth below, the Court affirms that decision.

**BACKGROUND**

Palmer applied for disability insurance benefits and supplemental security income in May 2008. (R. at 95–103.) His claims were denied initially and upon reconsideration. (*Id.* at 95–113.) He then appealed to an Administrative Law Judge ("ALJ"). (*Id.* at 139–140.) The ALJ conducted a hearing on the matter on September 12, 2011. (*Id.* at 39–88.)

In evaluating whether Palmer was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (*Id.* at 24–25.) At step one, the ALJ

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

A claimant must be found disabled if she proves: (1) that she

1  determined that Palmer had not engaged in substantial gainful activity since the alleged

2  onset date. (*Id.* at 25.) At step two, the ALJ determined that Palmer suffered from the

3  severe impairments of HIV, bipolar disorder, and generalized anxiety disorder. (*Id.* at

4  26.) At step three, the ALJ determined that none of these impairments, either alone or in

5  combination, met or equaled any of the Social Security Administration's listed

6  impairments. (*Id.* at 26–27.)

7       At that point, the ALJ made a determination of Palmer's residual functional

8  capacity ("RFC"),[2] concluding that he could perform light work with various exceptions.

9  (*Id.* at 27–30.) At step four, the ALJ determined that Palmer was not able to perform his

10  past relevant work. (*Id.* at 31.) At step five, the ALJ determined that there are a

11  significant number of jobs in the national economy that Palmer can perform. (*Id.* at 31–

12  32.) Based on that five step analysis, the ALJ determined that Palmer was not disabled.

13       The Appeals Council declined to review the decision. (*Id.* at 1.)

14       Plaintiff filed the complaint underlying this action on June 26, 2013, seeking a

15  _____

16       is not presently engaged in a substantial gainful activity[,] (2)
     that her disability is severe, and (3) that her impairment meets

17       or equals one of the specific impairments described in the
     regulations. If the impairment does not meet or equal one of

18       the specific impairments described in the regulations, the
     claimant can still establish a prima facie case of disability by

19       proving at step four that in addition to the first two
     requirements, she is not able to perform any work that she has

20       done in the past. Once the claimant establishes a prima facie
     case, the burden of proof shifts to the agency at step five to

21       
     demonstrate that the claimant can perform a significant

22       number of other jobs in the national economy. This step-five
     determination is made on the basis of four factors: the

23       claimant's residual functional capacity, age, work experience
     and education.

24       

25       

26  *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal citations and

27  quotations omitted).

28       [2] RFC is the most a claimant can do despite the limitations caused by his
     impairments. *See* S.S.R. 96–8p (July 2, 1996).

1    review of benefits.[3] (Doc. 16.) The matter is now fully briefed before this Court. (Docs.

2    16, 21, 24.)

3                                    **DISCUSSION**

4    **I.    STANDARD OF REVIEW**

5           A reviewing federal court will only address the issues raised by the claimant in the

6    appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir.

7    2001). A federal court may set aside a denial of disability benefits only if that denial is

8    either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*,

9    278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less

10   than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence

11   which, considering the record as a whole, a reasonable person might accept as adequate

12   to support a conclusion." *Id.* (quotation omitted).

13          However, the ALJ is responsible for resolving conflicts in testimony, determining

14   credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

15   Cir. 1995). "When the evidence before the ALJ is subject to more than one rational

16   interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec.*

17   *Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the

18   reviewing court must resolve conflicts in evidence, and if the evidence can support either

19   outcome, the court may not substitute its judgment for that of the ALJ." *Matney v.*

20   *Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted). The Court "may not

21   reweigh the evidence, substitute our own judgment for the Secretary's, or give vent to

22   feelings of compassion." *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987)

23   (internal citation omitted).

24

25

26   _____

27          [3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any
     individual, after any final decision of the Commissioner of Social Security made after a
28   hearing to which he was a party . . . may obtain a review of such decision by a civil
     action . . . .").

## II.     ANALYSIS

Palmer does not appeal based on the ALJ's determinations under the first three steps. He challenges the ALJ's determination of the RFC and the evidence that the ALJ relied upon to reach it. Specifically, Palmer argues that the ALJ erred by: (A) improperly discounting the assessment of his treating physician, Dr. Martin, (Doc. 16 at 14–21); (B) rejecting Palmer's symptom testimony, (*id.* at 21–27); and, (C) determining Palmer's mental RFC without the support of substantial evidence in the record, (*id.* at 27–30). The Court will address each argument in turn.

### A.     Dr. Martin's Assessment

Palmer first argues that the ALJ improperly discounted the assessment by treating physician Dr. Martin. "The medical opinion of a claimant's treating physician is entitled to special weight." *Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989) (internal quotation marks and citation omitted). This is because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir. 1995).

The regulations impose a hierarchy for medical opinions offered by licensed physicians. The opinion of a treating physician is given more weight than non-treating and non-examining medical sources. *See* 20 C.F.R. § 404.1527; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When the treating doctor's opinion is uncontradicted, the ALJ can reject those conclusions only for "'clear and convincing' reasons." *Lester*, 81 F.3d at 830 (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If another doctor counters the treating physician's opinion, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (internal quotation marks and citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

1        Here, the ALJ properly considered all of the evidence presented in the record and
2  the hearing including the opinion of a treating physician, Dr. Martin. Palmer focuses his
3  arguments on one paragraph in which the ALJ gives less weight to two check-off reports
4  completed by Dr. Martin in 2009. (R. at 763–65, 904–05.) Those forms indicate a more
5  restrictive view of Palmer's abilities than anything else in the record. However, earlier in
6  the decision, the ALJ reviews other medical records that were made by various treating
7  physicians. (*Id.* at 28–29.) Palmer argues that the ALJ improperly gave greater weight to
8  non-treating, state-agency physicians than to the treating physician, Dr. Martin. What the
9  ALJ actually did was find those opinions to be more consistent with the underlying
10  medical records from all of the treating physicians. (*Id.* at 29–30.) The relative weight the
11  ALJ gave to the opinion evidence from Dr. Martin and other non-treating physicians was
12  based on their consistency with the underlying medical records previously discussed in
13  the decision. (*Id.*)

14        Dr. Martin's assessments were not the only records containing a diagnosis or
15  opinion by an examining or treating physician. The ALJ reviewed the previous medical
16  records and found a conflict between those opinions and diagnosis and what Dr. Martin
17  wrote in the later forms. Because Dr. Martin's opinions were countered, the ALJ needed
18  to provide specific and legitimate reasons supported by substantial evidence in the record
19  to reject his opinion in a specific regard. Although the general reference in that paragraph
20  to the "longitudinal evidence of the record" might not satisfy this burden standing on its
21  own, the ALJ had already reviewed that record in the decision and there was no need to
22  repeat that analysis again.

23        Additionally, the Ninth Circuit allows ALJs to give less weight to check-off
24  reports that do not contain an explanation of the bases of their conclusions. *Molina v.*
25  *Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Palmer acknowledges *Molina* but tries to
26  distinguish it because it involved a physician's assistant rather than a licensed physician.
27  (Doc. 16 at 16.) But "the regulations give more weight to opinions that are explained than
28  to those that are not," and the Ninth Circuit has recognized this general principle in cases

1    for at least thirty years. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001);

2    *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); Murray v. Heckler, 722 F.2d 499,

3    501 (9th Cir. 1983).

4            Finally, Palmer argues that the ALJ improperly weighed Palmer's ability to

5    perform daily living activities against the restrictive assessment provided by Dr. Martin.

6    Again, the issue is not whether Palmer's ability to perform daily living tasks was

7    sufficient standing on its own to counter Dr. Martin's opinion because that is not what the

8    ALJ concluded. The ALJ reviewed Palmer's symptom testimony, including his ability to

9    perform daily tasks, and also analyzed the underlying medical treatment record and the

10   opinions of various medical professionals. The ALJ concluded that all of this provided

11   specific and legitimate reasons for giving less weight to Dr. Martin's assessments.

12           Because a reasonable mind could conclude on the basis of the evidence of record

13   that Palmer was not disabled, the Court finds that substantial evidence supports the ALJ's

14   decision to discount Dr. Martin's assessment findings. *Moncada v. Chater*, 60 F.3d 521,

15   523 (9th Cir. 1995).

16   **B.      Symptom Testimony**

17           Palmer next contends that the ALJ improperly rejected his symptom testimony.

18   The ALJ must engage in a two-step analysis in determining whether a claimant's

19   testimony is credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007).

20   The ALJ must first "determine whether the claimant has presented objective medical

21   evidence of an underlying impairment which could reasonably be expected to produce the

22   pain or other symptoms alleged." *Id.* at 1036. If the claimant has, and the ALJ has found

23   no evidence of malingering, then the ALJ may reject the claimant's testimony "only by

24   offering specific, clear and convincing reasons for doing so." *Id.* If an ALJ finds that a

25   claimant's testimony relating to the intensity of his pain and other limitations is

26   unreliable, the ALJ must make a credibility determination citing the reasons why the

27   testimony is unpersuasive. *See Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). The

28   ALJ must specifically identify what testimony is credible and what testimony undermines

1   the claimant's complaints. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599

2   (9th Cir. 1999). These findings, properly supported by the record, must be sufficiently

3   specific to allow a reviewing court to conclude the adjudicator rejected the testimony on

4   permissible grounds and did not arbitrarily discredit a claimant's testimony regarding

5   pain. *Bunnell*, 947 F.2d at 345–46 (internal quotation marks and citation omitted).

6        Here, at the first step, the ALJ concluded that Palmer's medically determinable

7   impairments could reasonably be expected to cause his alleged symptoms. (R. at 28.)

8   However, at the second step, the ALJ found that Pamler's statements regarding the

9   intensity, persistence, and limiting effects of his symptoms were not credible to the extent

10  that they conflicted with the RFC assessment. (*Id.*) The ALJ did not state that he found

11  any evidence of malingering; thus, his reasons for discounting Palmer's symptom

12  testimony must be clear and convincing. *Lingenfelter*, 504 F.3d at 1036. The ALJ's

13  general statement that Palmer's symptom testimony conflicts with the RFC does not itself

14  constitute "specific, clear and convincing reasons" for discounting his testimony. Indeed,

15  the ALJ is required to consider Palmer's symptom testimony in making the RFC

16  assessment. 20 CFR § 416.945(a)(3). "Dismissing a claimant's credibility because it is

17  inconsistent with a conclusion that must itself address the claimant's credibility is circular

18  reasoning" that cannot be sustained by this Court. *Leitheiser v. Astrue*, No. CV 10–6243–

19  SI, 2012 WL 967647 at *9 (D. Or. Mar. 16, 2012).

20       However, beyond this general statement, the ALJ did provide clear and convincing

21  reasons for the finding that Palmer's symptom testimony was only somewhat credible.

22  The ALJ reviewed the medical records and found that all of Palmer's medical conditions

23  were manageable and had been managed during the period of alleged disability. (R. at

24  28–29.) The ALJ discussed the hospitalizations and other treatments in the record and

25  determined that they did not support the symptom testimony of ongoing, unmanageable

26  physical or mental symptoms. (*Id.*) The ALJ noted successful treatments for some

27  problems and that the chronic, severe impairments from HIV, bipolar disorder, and

28  generalized anxiety disorder were manageable and improved with medication. (*Id.*) The

ALJ found that the symptom testimony regarding frequent, ongoing problems with diarrhea was unsupported by the other medical evidence considered. Accordingly, the ALJ did not err in finding that not all of the symptom testimony was credible.

**C.      Mental Residual Functioning Capacity**

Finally, Palmer argues that the ALJ's determination of mental RFC was unsupported by substantial evidence in the record. The RFC is an administrative finding "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Palmer argues that a comment the ALJ made to his counsel during the hearing proves that there was no evidence in the record on which to base a mental RFC. In fact, the attorney had asked the ALJ to reference exhibits where possible in order to help the attorney, who was having trouble. (R. at 81.) The ALJ did so at first, but then asked a series of questions of the vocational expert that were not based on any one particular exhibit. (*Id.* at 81–85.) As a courtesy to the counsel, the ALJ mentioned that these were "going to be based on the evidence as a whole." (*Id.* at 82.) The attorney thanked the ALJ, and the questioning proceeded. The ALJ's statement that questions were based on the evidence as a whole is not an acknowledgement that there is no basis for making a decision.

The remaining issues raised are a reiteration of the arguments that the ALJ erred in giving less weight to Dr. Martin's opinion and more to the opinion of others. For the reasons described above, the Court finds no reversible errors in the mental RFC.

**D.      Discretionary Remand**

Palmer's request for remand is predicated on this Court finding reversible error. None has been found, and the request for remand is therefore moot.

<strong>CONCLUSION</strong>

The ALJ made no error of law and there is substantial evidence to support the ALJ's denial of benefits. Therefore,

**IT IS HEREBY ORDERED** that the ALJ's decision is **AFFIRMED**.

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **TERMINATE** this action.

Dated this 22th day of November, 2013.

_____
G. Murray Snow
United States District Judge